T.C. Memo. 1996-228

UNITED STATES TAX COURT

HOLDEN C. GUTERMUTH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25144-93.                    Filed May 21, 1996.

Holden C. Gutermuth, pro se.

<u>Tracy A. Murphy</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, <u>Judge</u>:  Respondent determined a deficiency of $62,648 in petitioner's individual 1989 Federal income tax and a $12,530 accuracy-related penalty for negligence under section 6662(a).

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1989, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After settlement, the issues for decision are: (1) Whether a claimed $35,000 loss deduction is allowable either as a partnership loss or as a Schedule C business expense; and (2) whether petitioner is liable for the accuracy-related penalty for negligence.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

At the time the petition was filed, petitioner was married and resided in Troy, New York.[1]

Petitioner is a practicing lawyer and owns and operates a real estate and apartment rental business.

From 1984 through May of 1989, petitioner practiced law as a partner in the law firm of Noonan, Troue, Gutermuth & O'Connor (NTGO). On June 1, 1989, the partners of NTGO dissolved the partnership.

Upon dissolution of NTGO, petitioner and J. Paul Troue, another of the former partners in NTGO, began to practice law together under the firm name of Noonan, Troue & Gutermuth (NTG).

---

[1]    Because petitioner filed his individual 1989 Federal income tax return as married filing separately, petitioner's wife was not named in the notice of deficiency and is not a party to this case.

On June 1, 1989, petitioner and Mr. Troue filed a New York State certificate of partnership with the County Clerk of Rensselaer County, New York, the county in which NTG's office was located.

During 1989, petitioner and Mr. Troue generally held themselves out to the public as doing business as partners under the name of NTG. Petitioner and Mr. Troue used stationery bearing the name of NTG and placed advertisements for their legal services under the name of NTG. Petitioner and Mr. Troue maintained a joint bank account under the name of NTG. During 1989, one set of books and records was maintained with respect to the income and expenses of NTG. Although no formal written partnership agreement was entered into by petitioner and Mr. Troue regarding NTG, petitioner and Mr. Troue understood that income and expenses with respect to their practice were to be shared.

During the summer of 1989, petitioner made contributions totaling $16,300 to the capital of NTG.

On June 9, 1989, petitioner and Mr. Troue obtained a loan of $15,000 from Marine Midland Bank, N.A., to fund the working capital and payroll of NTG. NTG's books and records reflected that the $15,000 bank loan was made directly to NTG. During 1989, payments totaling $5,004 were made on this loan from funds in the bank account of NTG.

On August 3, 1989, the former partners of NTGO, as part of the process of winding up NTGO's business affairs, transferred

$39,000 to the bank account of NTG. This $39,000 represented liquidating distributions due petitioner and Mr. Troue with regard to their former partnership interests in NTGO. Of the $39,000 NTGO transferred to NTG, $15,000 was attributable to petitioner's former interest in NTGO.

For 1989, Mr. Troue filed with respondent a Form 941 (Federal Employment Tax Return) with respect to NTG. On the Form 941, Mr. Troue represented that NTG constituted a partnership.

On March 30, 1990, due to disagreement over management of the law firm, petitioner and Mr. Troue ceased doing business together and terminated NTG.

On his individual 1989 Federal income tax return, petitioner reported his interest in a number of partnerships including NTG, and petitioner claimed a $35,000 partnership loss deduction relating to NTG.

On audit of petitioner's individual 1989 Federal income tax return, respondent disallowed a number of deductions with respect to petitioner's real estate business and the claimed $35,000 partnership loss deduction relating to NTG. Prior to trial, petitioner and respondent settled all of the adjustments respondent made to petitioner's individual 1989 Federal income tax return except for the disallowed $35,000 partnership loss deduction and the negligence penalty.

OPINION

Under sections 761(a) and 7701(a)(2), a partnership is defined to include a syndicate, group, pool, or joint venture by means of which a number of individuals or entities jointly conduct a business, financial operation, or financial venture in a form other than a corporation, trust, or estate. Whether a partnership exists for purposes of Federal income taxation is a matter of Federal, not local, law. Estate of Kahn v. Commissioner, 499 F.2d 1186, 1189 (2d Cir. 1974), affg. T.C. Memo. 1972-240; sec. 301.7701-1(c), Proced. & Admin. Regs.

A partnership will be found to exist where two or more parties, acting in good faith and with a business purpose, intend to and do join together in the conduct of a business enterprise. Commissioner v. Culbertson, 337 U.S. 733, 742 (1949). The crucial test is whether, based on all the facts and circumstances, the parties intended to operate as a partnership. Id.; Estate of Levine v. Commissioner, 72 T.C. 780, 785 (1979), affd. 634 F.2d 12 (2d Cir. 1980).

Factors generally considered in determining the parties' intent to operate as a partnership include the terms of the agreement, whether each party jointly made financial contributions, whether the parties had joint control over income and capital and had the right to make withdrawals, whether the parties held the activity out to the public as a partnership, and whether the parties filed Federal partnership returns. Estate of

Kahn v. Commissioner, supra at 1189; Luna v. Commissioner, 42 T.C. 1067, 1077-1078 (1964); Hall v. Commissioner, T.C. Memo. 1993-198.

We agree with respondent in this case that NTG should be treated as a partnership for Federal income tax purposes. By virtue of NTG's letterhead and advertisements and by filing a New York State certificate of partnership, petitioner and Mr. Troue represented to the public that NTG constituted a partnership. Although a formal written partnership agreement between petitioner and Mr. Troue did not exist, petitioner and Mr. Troue did have an understanding that income and expenses of NTG would be shared. Petitioner and Mr. Troue both made significant financial contributions to NTG. Both petitioner and Mr. Troue had control over NTG's bank account.

Further, on the 1989 Form 941 and on their individual Federal income tax returns, petitioner and Mr. Troue represented that NTG constituted a partnership.

Based on the facts before us, we conclude that petitioner and Mr. Troue intended to and did form a law partnership and that NTG is to be treated as a partnership for Federal income tax purposes. See Barron v. Commissioner, T.C. Memo. 1992-598. If the claimed $35,000 loss has been substantiated and is to be allowed, it will only qualify as a partnership loss. Petitioner's alternative claim for a Schedule C business expense is disallowed.

In general, a taxpayer is entitled to deduct his or her distributive share of a loss incurred by a partnership to the extent of the taxpayer's adjusted basis in the partnership. Sec. 704(d); sec. 1.702-2, Income Tax Regs.

Deductions and losses, however, are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to the claimed deductions and losses. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 114 (1933).

Petitioner argues that, based on the books and records in evidence, it has been established that NTG was not financially successful, that it incurred a loss for 1989, and that petitioner's share of NTG's loss equaled $35,000.

Respondent argues that petitioner has not satisfied his burden of establishing that NTG actually incurred a loss in 1989.

The incomplete and inaccurate financial records of NTG that are in evidence in this case do not adequately establish the income and expenses of NTG for 1989. The records in evidence provide only inaccurate financial information with respect to July, August, and September of 1989. Petitioner acknowledges that portions of the records submitted are not reliable. With respect to these records, petitioner testified:

> THE COURT: What are you saying? The financial statements are not accurate, is that what you're saying?

PETITIONER:  I am suggesting to you that they are unbelievable to me * * *.  The numbers are internally inconsistent in some of these financial statements in that they portray an operation which is losing money. * * * [NTG] should not have lost money and I can show you, by testifying with respect to elements of those financial statements, that they were, in fact, false financial statements.

NTG continued in operation until March of 1990, and petitioner did not present any evidence establishing that prior to the end of 1989 he abandoned his interest in NTG or that his interest in NTG became worthless.

Petitioner has not established that NTG incurred a loss in 1989 nor that for 1989 he is entitled to a $35,000 partnership loss deduction with respect to his interest in NTG.

Respondent has determined an accuracy-related penalty under section 6662(a) for negligence.  The penalty for negligence equals 20 percent of the amount of the underpayment attributable to negligence or to disregard of respondent's rules and regulations.  Sec. 6662(a) and (b)(1).  Negligence is defined as the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985).  A taxpayer's failure to maintain adequate books and records is sufficient to establish negligence.  Sec. 6001; Zafiratos v. Commissioner, T.C. Memo. 1992-135, affd. without published opinion 993 F.2d 880 (3d Cir. 1993); Moran v. Commissioner, T.C. Memo. 1981-352.

Petitioner has practiced law for many years and was aware of the requirement that complete and accurate books and records be maintained with respect to the financial activities of NTG. Petitioner did not present any evidence nor did he make any argument as to why the penalty for negligence should not apply to the disallowed $35,000 partnership loss deduction. Although neither petitioner nor respondent made any specific argument as to whether the penalty for negligence should apply to the other adjustments that have been agreed upon, those other adjustments were settled largely in a manner favorable to petitioner. We conclude that petitioner is liable for the penalty for negligence only with respect to the portion of the income tax deficiency attributable to the claimed $35,000 NTG partnership loss.

Decision will be entered under Rule 155.